UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA MARIA-PULIDO,

           Petitioner,

vs.                                Case No. 2:06-cv-10-FtM-29DNF
                                  Case No. 2:97-cr-9-FTM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Petition for Writ of Habeas Seeking Release of Individual Detained, Without Process... (Doc. #1), filed on January 4, 2006. Petitioner seeks release from custody and states that "no previous application, for relief, now sought has been made, by the petitioner, or by anyone, in his behalf." This is inaccurate.[1] Additionally, the Petition has no merit.

**I.**

Defendant plead guilty to conspiracy to possess with intent to distribute cocaine base, and was sentenced on December 12, 1997, to 168 months of imprisonment, 60 months of supervised release, and a $100 special assessment fee. Defendant did not appeal her

---

[1] Petitioner has filed a number of prior petitions. See 2:98-cv-471-FTM-SCB (§ 2255 petition); 2:99-CV-17-FTM-SCB (§ 2255 petition); 5:03-cv-447-OC-10GRJ (§ 2241 petition); 5:04-cv-79-OC-10GRJ (§ 2241 petition); 5:04-cv-164-OC-10GRJ (§ 2241 petition); 5:04-cv-250-OC-10GRJ (§ 2241 petition); 2:06-cv-5-FTM-29DNF (§ 2241 petition); and 2:06-cv-10-FTM-29DNF (§ 2241 petition).

conviction or sentence. Defendant filed a Motion to correct her sentence pursuant to § 2255 on January 11, 1999 (Doc. #173), which was dismissed by the Court as untimely (Doc. #176). This dismissal was upheld by the Eleventh Circuit Court of Appeals, which denied issuance of a certificate of appealability on December 7, 1999. (Doc. #195).

Defendant then filed a "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582 Based Upon the Safety Valve Statute, 18 U.S.C. § 3553(f) and the Decision of the Supreme Court of the United States in Apprendi v. New Jersey" (Doc. #211) on September 22, 2000. Defendant sought to modify her sentence because: (1) no amount of drugs were alleged in her Indictment, contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) she improperly received a two point enhancement for possession of a firearm, contrary to Bailey v. United States, 516 U.S. 137 (1995); and (3) she was improperly denied the benefit of the "safety valve" provision of the Sentencing Guidelines. The Court denied the motion for lack of jurisdiction and declined to construe the motion as being a § 2255 petition because it would be untimely under 28 U.S.C. § 2255. (Doc. #215). The Court also noted that defendant's only new issue, based on Apprendi, was without merit because the Eleventh Circuit had held that Apprendi does not apply retroactively to cases on collateral review. In re Joshua, 224 F.3d 1281 (11th Cir. 2000).

On January 4, 2006, defendant sought various relief regarding her conviction and sentence. The motions were denied by Opinion

-2-

and Order (Doc. #253) issued on February 6, 2006. On the same day, the Court issued an Opinion and Order (Doc. #254) dismissing for lack of jurisdiction a Motion for Release and Stay, Writ of Habeas Corpus, filed in the related civil case, Case No. 2:06-cv-5-FTM-29DNF.

**II.**

"Under the savings clause of § 2255,[2] a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), cert. denied, 540 U.S. 900 (2003); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). The savings clause applies only when (1) petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that petitioner was convicted of a nonexistent offense; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir.

---

[2]The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

1999). All three of the criteria must be satisfied. Flores v. McFadden, 152 Fed. Appx. 913, 914 (11th Cir. 2005). As defendant cannot satisfy the first prong of Wofford, and has not attempted to do so, the Court finds that it need not address the remaining criteria.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Seeking Release of Individual Detained, Without Process... (Doc. #1) is **DISMISSED**. The Clerk shall enter judgment accordingly and close the civil case.

2. The Clerk shall place a certified copy of the judgment in the criminal case, Case No. 2:97-cr-9-FTM-29DNF.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of February, 2006.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record